## CIRCUIT COURT OF BATH COUNTY

Motor Sales Corp.

v.

Robert T. Ingram et al.

December 5, 1975

Case No. 280

By JUDGE ROSCOE B. STEPHENSON, JR.

Plaintiff has moved the court to set aside the jury's verdict for the defendants as being contrary to the law and the evidence. Specifically, plaintiff contends (1) that it is a holder in due course and therefore the defenses relied upon by the defendants are not available to them, and (2) that the court should hold as a matter of law that plaintiff was not a seller within the meaning of the Uniform Commercial Code.

A holder in due course is a holder who takes the instrument without notice "of any defense against or claim to it on the part of any person." Code § 8.3-302. In this case, the plaintiff was a party to the transaction and had notice of the defenses raised. Therefore, plaintiff was not a holder in due course within the meaning of the Code.

Regarding the question of whether plaintiff was a seller within the meaning of the Code, the plaintiff filed a "Disclosure Statement Pursuant to Federal Truth in Lending Act" (Plaintiff Exhibit 2), prepared by it, in which it states that Motor Sales Corporation was the seller. The evidence and the reasonable inferences to be drawn therefrom indicated that plaintiff had a proprietary interest in the automobile when it was sold to Robert T. Ingram. Since evidence was introduced tending to show that plaintiff, either singly or jointly with Abe Ingram, occupied the position of seller, the court cannot hold

as a matter of law that plaintiff was not a seller. Code Section 8.2-103.

The motion to set aside the jury's verdict is overruled and judgment shall be entered for the defendants in accordance with the jury's verdict.